Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| ARIEL HEREDIA LAUREANO, ANDRÉS MARRERO VÁZQUEZ y LIZBETH MARRERO VÁZQUEZ y la Sociedad Legal de Gananciales compuesta por ambos<br><br>Recurridos<br><br>v.<br><br>ANDRÉS MARRERO MOJICA, ANA HILDA VÁZQUEZ ROSADO y la Sociedad Legal de Gananciales compuesta por ambos<br><br>Peticionarios | TA2025CE00911 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2024CV03791 (501)<br><br>Sobre:  Sentencia Declaratoria e Incumplimiento de Contrato |

Panel integrado por su presidenta, la jueza Lebrón Nieves, el juez Pagán Ocasio y la jueza Álvarez Esnard

Álvarez Esnard, jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 13 de febrero de 2026.

Comparece ante nos el señor Andrés Marrero Mojica ("señor Marrero Mojica"), la señora Ana Hilda Vázquez Rosado y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto, "los Peticionarios") mediante *Solicitud de Certiorari* presentada el 16 de diciembre de 2025. Nos solicita la revocación de la *Resolución* emitida el 31 de octubre de 2025 y notificada el 3 de noviembre del mismo año por el Tribunal de Primera Instancia, Sala Superior de Bayamón ("foro primario" o "tribunal *a quo*"). Por virtud del aludido dictamen, el foro primario denegó la solicitud de sentencia sumaria instada por los Peticionarios.

Por los fundamentos que expondremos a continuación, **denegamos** el auto de *certiorari*

**I.**

El 26 de junio de 2024, el señor Ariel Heredia Laureano ("señor Heredia Laureano"), la señora Lizbeth Marrero Vázquez y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto, "los Recurridos") instaron *Demanda* sobre sentencia declaratoria e incumplimiento de contrato contra los Peticionarios.[1] Mediante esta, los Recurridos arguyeron que le compraron a los Peticionarios una propiedad sita en el Municipio de Bayamón. Aludieron que la referida propiedad le fue vendida por la cantidad de diez mil quinientos dólares ($10,500.00). Arguyeron que, dicho monto fue pagado a plazos, al emitir varios pagos desde que ocuparon la propiedad en el año 2007 "de forma pacífica y a título de dueño".[2] Además, señalaron que invirtieron un total de treinta y un mil quinientos dólares ($31,500.00) en mejoras a la propiedad.

No empece lo anterior, los Recurridos sostuvieron que, a partir del año 2014, los Peticionarios acordaron otorgar una escritura de compraventa, la cual nunca se realizó. Esbozaron que, al momento de radicarse la demanda, los Peticionaros "no le quieren otorgar la Escritura de Compraventa, luego de haberse beneficiado del dinero que en concepto de venta se le hizo a los demandantes [Recurridos]".[3] Como corolario de lo anterior, los Recurridos alegaron que la situación entre las partes "se salió de control".[4] Abundaron "que la conducta agresiva, arrogante y peligrosa del demandado [señor Marrero Mojica] hacia la persona del demandante [señor Heredia Laureano]" le ha causado daños emocionales a este último.[5]

En vista de lo anterior, los Recurridos adujeron que los Peticionarios le han causado daños al no querer cumplir con lo

---

[1] Véase, SUMAC TPI, Entrada Núm. 1
[2] Véase, SUMAC TPI, Entrada Núm. 1, pág. 2.
[3] Véase, SUMAC TPI, Entrada Núm. 1, pág. 3.
[4] Véase, SUMAC TPI, Entrada Núm. 1, pág. 3.
[5] Véase, SUMAC TPI, Entrada Núm. 1, pág. 3.

pactado. Ante esto, reclamaron una cuantía de setenta y cinco mil dólares ($75,000.00) en concepto de daños y perjuicios. De igual manera, solicitaron que "en el presente caso dicte Sentencia a favor de la parte demandante [Recurridos] y conceder el remedio de que se ordenen el otorgamiento de la Escritura de Compraventa a favor de los aquí demandantes [Recurridos]".[6]

En respuesta, el 9 de agosto de 2024, los Peticionarios presentaron *Contestación a la Demanda*.[7] Mediante esta negaron ciertas alegaciones y levantaron las correspondientes defensas afirmativas.

Tras varios trámites procesales, el 22 de septiembre de 2025, los Peticionarios radicaron *Solicitud de Sentencia Sumaria*.[8] Por virtud de este escrito, los Peticionarios propusieron los siguientes hechos como incontrovertidos:

1. La demandante es hija de los demandados y en algún se mudó a los Estados Unidos. En enero de 2000, en su proceso de regreso a la Isla, la demandante le solicitó al demandado que le prestara "la casita" porque la necesitaba para vivir en ella, refiriéndose a la propiedad objeto de la presente acción. Véase anejo 1. Solicitud que el demandado, como padre, accedió y los demandantes se mudaron a la propiedad objeto de la presente reclamación. 2. Al tiempo de estar viviendo en el inmueble, el demandante le ofreció al demandado comprarle el inmueble y entablaron conversaciones al respecto, pero nunca llegaron a establecer un precio cierto para la compraventa de la propiedad, la cual para el 2010 fue tasada en $78,000.00 Véase anejo

2. En el transcurso del tiempo, del 2008 al 2013, el demandante le hizo siete (7) pagos al demandado que sumaron $10,500.00, para que los fueran abonados al precio que se estableciera en su día para la compraventa. Precio que nunca se estableció y así surge de los recibos que firmaron las partes al momento del demandado recibir los pagos Véase anejo 3 al 9.

3. Durante años las partes mantuvieron una buena relación y la demandante estaba agradecida de lo buen padre que era el demandado para con ella. Véase anjeo 10. No obstante, debido a que las partes no lograron acordar un precio para la compraventa, los demandados se negaron a firmar la escritura de compraventa requerida por los demandantes. Situación ante la cual el demandante se puso hostil para con los demandados, rompió relaciones con estos y solicitó una orden de protección contra estos en el Tribunal Municipal de Bayamón, alegando que era

---

[6] Véase, SUMAC TPI, Entrada Núm. 1, pág. 4.
[7] Véase, SUMAC TPI, Entrada Núm. 8.
[8] Véase, SUMAC TPI, Entrada Núm. 54.

el demandado quien estaba hostil para con los demandantes. Solicitud de orden de protección que el Tribunal Municipal declaró no ha lugar.

4. No conforme, los demandantes radicaron la presente acción en la cual alegan **los siguientes hechos que no están en controversia**:

(1) Que la propiedad objeto de la presente reclamación está inscrita a nombre de los demandados, según admisión de las partes.

(2) Está ubicada en la Urbanización Sierra Bayamón, Bayamón, Puerto Rico.

(3) Las partes no establecieron un precio para la compraventa. Véase párr. 6, pág. 3 de la demanda y anejos 3 al 9.

(4) Que los demandados hicieron pagos ascendientes a $10,500.00 con dinero de la sociedad legal de gananciales. Alegación que no es cierta ya que de 1997 al 2018, fecha entre las cuales se hicieron los pagos, las partes no estuvieron casadas. Véase anejo 11, a la pág. 20.

(5) Le hicieron mejoras a la propiedad en fechas que ya estaba establecida la disputa por la propiedad entre las partes, particularmente del 2020 en adelante. Véase anejo 12.

(6) Los demandantes le han requerido a los demandados otorgar escritura de compraventa para adquirir la propiedad, lo cual los demandados no han hecho.

5. En su acción los demandantes no alegaron ni presentaron prueba de que las partes hubieran firmado contrato de clase alguna ni presentaron una demanda enmendada para enmendar sus alegaciones. No obstante, en oposición a la solicitud de sentencia por las alegaciones de los demandados, los demandados presentaron una declaración jurada en la cual alegan que el precio acordado para la compraventa era de los $10,500.00 que habían pagado. Véase anejo 13. Ello, no obstante, sus alegaciones en la demanda, el contenido de los recibos, donde dicen lo contrario, ni haber presentado prueba alguna que estableciera lo alegado en la declaración jurada en cuanto a que el precio de compraventa de la propiedad acordado había sido $10,500.00 que no fuera su mera declaración.[9]

Cónsono con lo anterior, expusieron que, a tono con la prueba anejada en su solicitud, en el presente caso, no hubo un contrato entre las partes, lo cual hacía improcedente la petición de los Recurridos de "que se le otorgue una propiedad que en 2010 fue tasada en $78,000.00 en $10,500.00 por ser una contraria a

---

[9] Véase, SUMAC TPI, Entrada Núm. 54., págs. 2-3.

derecho".[10] Por consiguiente, solicitaron la desestimación del pleito por la vía sumaria.

Por su parte, el 14 de octubre de 2025, los Recurridos presentaron *Oposición a Solicitud de Sentencia Sumaria.*[11] **Mediante este escrito, se opusieron a todas las determinaciones de hechos propuestas por los Peticionarios**. En esa dirección, sostuvieron que el pago de diez mil quinientos dólares ($10,500.00), constituyó el pago total de la compraventa, la cual se efectuó mediante "un contrato verbal de promesa de compraventa, por haberse pagado el precio acordado entre las partes".[12]

Considerados los planteamientos de las partes, el 31 de octubre de 2025, notificada el 3 de noviembre del mismo año, el foro primario dictó *Resolución.*[13] Por virtud del aludido dictamen, el tribunal *a quo* dispuso:

> [N]o procede dictar sentencia sumaria ya que existe controversia real y sustancial en todos los hechos alegados en la referida Moción. **Esta en controversia si hubo algún acuerdo, si se estableció o no precio de compraventa, entre otros.** Como fundamento de lo anterior, insistimos que la prueba ofrecida para sustentar sus alegaciones, con la cual acompaña la sentencia sumaria, **no reflejan la suficiencia de la misma para que el tribunal pueda adjudicar la controversia a favor de la parte demandada**.(Énfasis nuestro)[14]

Cónsono con lo anterior, declaró *No Ha Lugar* la moción de sentencia sumaria instada por los Peticionarios. En desacuerdo, el 17 de noviembre de 2025, los Peticionarios presentaron *Solicitud de Reconsideraci[ó]n.*[15] En lo pertinente, esgrimieron que, en el presente caso, existían ciertas estipulaciones de hechos entre las partes que demostraban que no se determinó cuál sería el precio de la compraventa. Evaluada la solicitud de reconsideración instada, el

---

[10] Véase, SUMAC TPI, Entrada Núm. 54, pág. 16.
[11] Véase, SUMAC TPI, Entrada Núm. 58.
[12] Véase, SUMAC TPI, Entrada Núm. 58, págs. 1-2.
[13] Véase, SUMAC TPI, Entrada Núm. 60.
[14] Véase, SUMAC TPI, Entrada Núm. 60, pág. 3.
[15] Véase, SUMAC TPI, Entrada Núm. 62.

18 de noviembre de 2025, el foro primario declaró la misma *No Ha Lugar*.[16]

Posteriormente, el 21 de noviembre de 2025, los Peticionarios presentaron *Solicitud de Orden Conforme la Regla 36.4 De Procedimiento Civil*.[17] Mediante esta, esgrimieron que la *Resolución* emitida el 31 de octubre de 2025, no contenía determinaciones de hechos incontrovertidos, lo cual contravenía la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V. R. 36.4, la cual dispone que ante una denegatoria de una solicitud de sentencia sumaria, el foro primario viene obligado a realizar tanto determinaciones de los hechos que se encuentran en controversia, así como a aquellos que no lo están. A la luz de lo esbozado, solicitaron al foro primario que realizara las correspondientes determinaciones de hechos que no se encuentran en controversia en la *Resolución* emitida el 31 de octubre de 2025. Así pues, el 24 de noviembre de 2025, notificada al día siguiente, el foro primario declaró *No Ha Lugar* la solicitud de los Peticionarios.[18]

Inconforme, el 16 de diciembre 2025, los Peticionarios radicaron el presente recurso y formularon los siguientes señalamientos de error.

> SEÑALAMIENTO DEL PRIMER ERROR: ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIAS [sic] AL DECLAR [sic] NO HA LUGAR LA SOLICITUD DE SENTENCIA SUMARIA Y CONCLUIR QUE EXISTE CONTROVERSIA REAL Y SUSTANCIAL EN TODOS LOS HECHOS, A PESAR DE LAS ESTIPULACIONES DE LAS PARTES EN CUANTO A HECHOS MATERIALES Y PRUEBA DOCUMENTAL.

> SE[Ñ]ALAMIENTO DEL SEGUNDO ERROR: ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIAS [sic] AL DECLAR [sic] NO HA LUGAR LA SOLICITUD DE SENTENCIA SUMARIA Y CONCLUIR QUE ESTA EN CONTROVERSIA SI HUBO ALG[Ú]N ACUERDO Y SI SE ESTABLECI[Ó] O NO PRECIO DE COMPRAVENTA, A PESAR DEL CONTENIDO LITERAL Y EXPL[Í]CITO DE LOS RECIBOS REDACTADOS, FIRMADOS Y ACEPTADOS

---

[16] Véase, SUMAC TPI, Entrada Núm. 63.
[17] Véase, SUMAC TPI, Entrada Núm. 65.
[18] Véase, SUMAC TPI, Entrada Núm. 65.

POR LA PARTES EN TIEMPO CONTEMPOR[Á]NEO A LOS HECHOS.

SEÑALAMIENTO DEL TERCER ERROR: ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIAS [sic] AL NO CUMPLIR CON LAS DISPOSICIONES DE LA REGLA 36.4 DE PROCEDIMIENTO CIVIL, LA CUAL DISPONE QUE, CUANDO NO SE DICTA SENTENCIA SOBRE LA TOTALIDAD DEL PLEITO, NO SE CONCEDE TODO EL REMEDIO SOLICITADO O SE DENIEGA LA MOCI[Ó]N, Y ES NECESARIO CELEBRAR JUICIO, SER[Á] OBLIGATORIO QUE EL TRIBUNAL RESUELVA LA MOCI[Ó]N MEDIANTE UNA DETERMINACI[Ó]N DE LOS HECHOS ESENCIALES Y PERTINENTES SOBRE LOS CUALES NO HAY CONTROVERSIA SUSTANCIAL Y LOS HECHOS ESENCIALES Y PERTINENTES QUE EST[Á]N REALMENTE Y DE BUENA FE CONTROVERTIDOS.

El 9 de enero de 2026, esta Curia emitió *Resolución* en la cual se le concedió hasta el 16 de enero de 2026 a los Recurridos para que mostraran causa por la cual no se debía expedir el auto de *certiorari*. Oportunamente, el 16 de enero de 2026, los Recurridos comparecieron mediante escrito intitulado *Oposición a Certiorari Civil Interlocutorio -Parte Recurrida-Demandantes*. Con el beneficio de la comparecencia de ambas partes, procedemos a exponer la normativa jurídica aplicable a la controversia objeto del recurso de epígrafe.

## II.

### A. Certiorari

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019). El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). Véase, además, *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, establece que el recurso de *certiorari* solo se expedirá cuando se recurra de (1) una resolución u orden sobre remedios provisionales

o *injunction* o (2) la denegatoria de una moción de carácter dispositivo. Por excepción, se puede recurrir también de: (1) decisiones sobre la admisibilidad de testigos o peritos; (2) asuntos de privilegios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia, o (4) en casos que revistan interés público. *Íd.* De igual manera, puede revisarse "cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Íd.* Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni en ausencia de parámetros. *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023). La Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari. Íd.* Estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para

llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019). No obstante, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión". 32 LPRA Ap. V, R. 52.1.

### B. Sentencia Sumaria

La sentencia sumaria es el mecanismo procesal cuyo propósito principal es facilitar la solución justa, rápida y económica de los litigios que no presentan controversias genuinas de hechos materiales y, por lo tanto, no ameritan la celebración de un juicio a fondo. *Soto y otros v. Sky Caterers,* 215 DPR___ (2025), 2025 TSPR 3, pág. 10; Véase, además, *BPPR v. Cable Media,* 215 DPR___ (2025) 2025 TSPR 1. La Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R.36, permite que, en un litigio, cualquiera de las partes le solicite al tribunal que se dicte sentencia sumaria a su favor, ya sea sobre la totalidad o cualquier parte de la reclamación solicitada. Reglas 36.1 y 36.2 de Procedimiento Civil, *supra.* No obstante, para que una sentencia sumaria proceda, es necesario que de los documentos que la acompañan, surja de manera preponderante la inexistencia de controversia sobre los hechos medulares del caso. *Soto y otros v. Sky Caterers,* supra.

Para poder demostrar eficientemente la falta de controversia sobre hechos esenciales, el promovente de la sentencia sumaria debe: (1) exponer las alegaciones de las partes; y (2) desglosar en párrafos debidamente enumerados los hechos sobre los cuáles, a su entender, no hay controversia. Regla 36.3 de Procedimiento Civil, *supra,* R. 36.3.

En *Meléndez González et al. V. M. Cuebas*, 193 DPR 100 (2015), el Tribunal Supremo estableció el estándar específico que debe utilizar este Foro al revisar denegatorias o concesiones de

Mociones de Sentencia Sumaria. A esos efectos, el Tribunal Supremo ha dispuesto que:

> el Tribunal de Apelaciones debe: (1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra*, y la jurisprudencia le exigen al foro primario; (2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36; (3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos, y (4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia. *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 679 (2018).

Es decir, planteada una revisión de sentencia sumaria, el Tribunal de Apelaciones está en la misma posición que el Tribunal de Primera Instancia para resolver, por lo que debe evaluar las mociones presentadas en el foro primario y cumplir con los requisitos dispuestos en la Regla 36 de Procedimiento Civil, *supra,* al emitir su dictamen. *Meléndez González et al. V. M. Cuebas, supra,* pág. 118. "[L]a revisión del foro apelativo conlleva examinar *de novo* el expediente de la manera más favorable hacia la parte que se opuso a la solicitud de sentencia sumaria en el tribunal de instancia y realizando todas las inferencias permisibles a su favor". *Birriel Colón v. Econo y otros*, 213 DPR 80, 91-92 (2023) citando a *Meléndez González et al. V. M. Cuebas, supra.*

En tal sentido, como parte de nuestra función revisora, es nuestro deber evaluar todos los documentos que obren en el expediente de manera tal que, previo a determinar la procedencia de una solicitud de sentencia sumaria, se deba realizar un balance adecuado entre el derecho de todo litigante a tener su día en corte y la disposición justa, rápida y económica de los litigios civiles. *BPPR v. Cable Media,* supra, pág. 9 (citas omitidas). Cónsono con lo anterior, en el ejercicio de nuestra función revisora, estamos limitados a: (1) considerar los documentos que se presentaron ante

el foro primario; (2) determinar si existe o no controversia genuina de hechos materiales y esenciales, y (3) comprobar si el derecho se aplicó correctamente. *Cruz, López v. Casa Bella y otros*, 213 DPR 980, 994 (2024).

Por otra parte, nuestra más Alta Curia ha definido el concepto hecho material de la siguiente forma: un hecho material o esencial es "aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable". *Consejo de Consejo Tit. V. Rocca Dev. Corp., et als.,* supra*,* 215 DPR___ (2025) 2025 TSPR 6, pág. 15. Por ende, la parte promovente tiene el deber de exponer su derecho con claridad y demostrar que no existe controversia sustancial sobre algún hecho material. *Soto y otros v. Sky Caterers,* supra, pág. 11.

**III.**

En el presente recurso, los Peticionarios nos solicitan que revisemos la denegatoria de una petición de sentencia sumaria. Según adelantamos, este foro revisor tiene la encomienda de realizar un examen *de novo* de la solicitud de sentencia sumaria y su oposición, esto a la luz de la Regla 36 de Procedimiento Civil, *supra*. Luego de una revisión de la moción de sentencia sumaria instada por los Peticionarios y la oposición a esta, determinamos que ambas cumplieron esencialmente los requerimientos de la aludida regla.

Efectuado tal ejercicio, luego de ponderar los argumentos, de los Peticionarios, resolvemos que no se han producido las circunstancias que exijan nuestra intervención en esta etapa de los procedimientos. Aun cuando la Regla 52.1 de Procedimiento Civil, *supra*, faculta a este tribunal apelativo para revisar determinaciones del foro primario sobre la denegatoria de una moción de carácter dispositivo, como lo es la solicitud de sentencia sumaria, nos abstenemos de intervenir.

Al amparo de los criterios que guían nuestra discreción instituidos en la Regla 40 de nuestro Reglamento, *supra,* no intervendremos en las determinaciones recurridas. Los Peticionarios no demostraron que el foro primario se excedió en el ejercicio de su discreción, ni que aplicó incorrectamente el derecho a los hechos que ameriten nuestra intervención. Tampoco constataron que, el abstenernos de interferir con la determinación aquí cuestionada, constituiría un fracaso irremediable de la justicia en esta etapa de los procedimientos, de manera que estemos llamados a ejercer nuestra función revisora.

Nuestra determinación de no intervenir en los méritos de la decisión recurrida en estos momentos no constituye una adjudicación de la controversia existente entre las partes ni prejuzga el asunto planteado por estas.

**IV.**

Por los fundamentos expuestos, **denegamos** la expedición del auto de *certiorari.*

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones